M MAHON, J

**LITTLER MENDELSON, P.C.**
One Gateway Center
Eighth Floor
Newark, NJ 07102.5311
973.848.4700

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/08
```

Counsel for Defendant
UNITED SERVICES AUTOMOBILE ASSOCIATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 07 CV 562 *(CM)*

WILLIAM LYNCH, ANDREW McFEELEY, JUDITH
BURCHAM, LARRY PANGLE, JON WILLIS, ROBERT
CLIFF, DENNIS ULICK, STIG LARSON, ROBERT
DEGROOT, Sr., BARBARA McFEDRIES, TERRY JOHNSTON
GENE DROZD, DAN KING, JERRY RICHARDSON, MICHAEL
GATES, FRANK BARKOWSKI, RICHARD BURTON, EDWARD
CANIPELLI, JR., COLLEEN SLAUGHTER, RONALD TUCKER
FELIX ARROYO, MICHELLE DAVENPORT, DAVID ARAUJO,
CALENE WILLIAMS, DON ANDERSON, and on behalf
of similarly situated employees,

      Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,

      Defendant.

_____/

## STIPULATION FOR SETTLEMENT AND DISMISSAL

This Stipulation for Settlement and Dismissal (the "Stipulation") is entered into between Plaintiffs WILLIAM LYNCH, ANDREW McFEELEY, JUDITH BURCHAM, LARRY PANGLE, JON WILLIS, ROBERT CLIFF, DENNIS ULICK, STIG LARSON,

ROBERT DEGROOT, Sr., BARBARA McFEDRIES, TERRY JOHNSTON, GENE DROZD, DAN KING, JERRY RICHARDSON, MICHAEL GATES, FRANK BARKOWSKI, RICHARD BURTON, EDWARD CANIPELLI, JR., COLLEEN SLAUGHTER, RONALD TUCKER, FELIX ARROYO, MICHELLE DAVENPORT, DAVID ARAUJO, CALENE WILLIAMS, and DON ANDERSON (collectively, "Plaintiffs") through their attorneys, Nichols, Kaster and Anderson, PLLP ("NKA"), and Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION, all of its past, present, and future parents, subsidiaries, companies, divisions, and affiliates, and other current or former related entities thereof (collectively, "USAA"), through its attorneys, Littler Mendelson, P.C.

## I. STIPULATED RECITALS.

**A.** On January 24, 2007, Plaintiff William Lynch filed his Complaint in the above-referenced matter, alleging that USAA had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit"). Plaintiff Lynch alleged that he was employed by USAA as a Special Investigator, and that during his employment, he regularly worked more than forty hours in a single workweek and was not paid overtime compensation. Plaintiff Lynch alleged claims under the FLSA on his own behalf and on behalf of all similarly situated employees, and he also alleged individual claims under the New York Labor Law. USAA filed its Answer to the Complaint and denied Plaintiff Lynch's allegations.

**B.** On March 27, 2007, Plaintiff Lynch filed a Notice of Plaintiff's Motion for Conditional Class Certification and Court Authorized Notice Pursuant to Section 216(b)

of the FLSA, and requested that the Court conditionally certify the Lawsuit as a collective action on behalf of all Special Investigators who worked for USAA during the preceding three years. On April 25, 2007, the Court issued its Decision and Order granting Plaintiff Lynch's Motion for Conditional Class Certification and Court-Authorized Notice.

C.  In addition to Plaintiff Lynch, twenty-four (24) individuals have filed consents to join the Lawsuit as "party plaintiffs" pursuant to Section 216(b) of the FLSA. On November 13, 2007, Plaintiffs filed an Amended Complaint, alleging additional claims under California law on behalf of Plaintiffs Dennis Ulick, Frank Barkowski, Richard Burton, Colleen Slaughter, Michelle Davenport, David Araujo, Calene Williams, Don Anderson, and Barbra McFedries, relating to, among other things, unpaid overtime compensation.

D.  Since the filing of the Lawsuit, the parties have engaged in substantial discovery. Plaintiffs have deposed USAA's managerial staff, and USAA deposed some of the Plaintiffs. The parties also served and responded to written discovery requests, including interrogatories and requests for production of documents. USAA produced documentation regarding the individual Plaintiffs, USAA's payroll, employment, and training policies, and other matters relevant to the issues raised by the parties' pleadings and Plaintiffs' employment as Special Investigators.

E.  The parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. The parties have engaged in negotiations directed towards settlement of this matter since October 2007. The terms and conditions

of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length and facilitated by a third-party neutral.

**F.**     USAA denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. USAA contends that it has complied at all times with the FLSA and state law. Nevertheless, USAA has entered into this Stipulation to avoid the cost and inconvenience of further litigation. Plaintiffs have entered into this Stipulation because the settlement reflects a reasonable compromise of the parties' disputed issues, chiefly, if and to what extent Plaintiffs are owed unpaid overtime wages. Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

**G.**     Plaintiffs, USAA, and their respective counsel, stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Plaintiffs. Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of USAA. Pursuant to Federal Rule of Evidence 408, this Stipulation shall not be admissible in evidence in any proceeding; except that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by USAA to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**II.    DISMISSAL OF THE LAWSUIT.**

4

A.   Pursuant to the terms and conditions of this Stipulation, Plaintiffs William Lynch, Andrew McFeeley, Judith Burcham, Larry Pangle, Jon Willis, Robert Cliff, Dennis Ulick, Stig Larson, Robert DeGroot, Sr., Barbara McFedries, Terry Johnston, Gene Drozd, Dan King, Jerry Richardson, Michael Gates, Frank Barkowski, Richard Burton, Colleen Slaughter, Ronald Tucker, Felix Arroyo, Michelle Davenport, David Araujo, and Don Anderson ("the Settling Plaintiffs") agree that their claims alleged in the Lawsuit may and should be dismissed by the Court **WITH PREJUDICE**. The parties will be responsible for their own costs and attorneys' fees except as otherwise provided in this Stipulation.

B.   By execution of this Stipulation and pursuant to Fed. R. Civ. P. 41(a)(1), the parties agree that the claims alleged by Plaintiffs Edward Canipelli, Jr., and Calene Williams shall be dismissed **WITHOUT PREJUDICE**. The parties will be responsible for their own costs and attorneys' fees.

### III.   SETTLEMENT CONSIDERATION.

A.   In exchange for (1) the dismissal of the Lawsuit described in Section II; (2) the Settling Plaintiffs' execution of individual Settlement Approval and Release Forms in a form acceptable to all parties; and (3) the representations of the Settling Plaintiffs and NKA in this Stipulation, USAA agrees to pay the Settling Plaintiffs the total aggregate sum of Seven Hundred Thirty Eight Thousand Four Hundred Twenty Three Dollars and Eighty Seven Cents ($738,423.87) ("the Settlement Amount"), inclusive of the Settling Plaintiffs' attorneys' fees and costs, to resolve the Settled Claims, as further defined in Section IV below.

B. The parties agree that the Settlement Amount shall be allocated as follows:

1. The Settling Plaintiffs shall be allocated the total sum of $220,616.76, as W-2 wages ("the W-2 Wages Portion"). USAA shall deduct all applicable withholding taxes and other amounts required by law from the sum allocated to each individual Settling Plaintiff, and USAA will issue a W-2 form to each Settling Plaintiff reflecting payment of the W-2 Wages Portion of the Settlement Amount.

2. The Settling Plaintiffs shall be allocated the total sum of $220,616.75, as Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and USAA shall issue a Form 1099 to each Settling Plaintiff reflecting payment of the Liquidated Damages Portion of the Settlement Amount.

3. NKA shall allocate the W-2 Wages Portion and the Liquidated Damages Portion of the Settlement Amount among the Settling Plaintiffs, as set forth in the attached Exhibit A. USAA has reviewed, approved, and adopted this allocation as its offer of settlement to each Settling Plaintiff.

4. The settlement amounts were tailored to each Settling Plaintiff based on his or her rate of pay, the alleged number of hours worked per week, the number of weeks worked in a three-year statute of limitations period, and other factors unique to each individual. NKA

6

represents that, generally, each Settling Plaintiff will receive their overtime pay at one and one-half (1.5) times their regular rate for up to fifteen (15) hours per week within the statutory period.

5. Of the total Settlement Amount, NKA shall be allocated the total sum of $297,190.36, for the Settling Plaintiffs' legal fees and costs as Form 1099 income ("Settling Plaintiffs' Legal Costs and Fees"). USAA shall issue a Form 1099 to NKA, Tax ID No. 41-1279431, reflecting this payment.

C. The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state and local taxes due on the amounts payable under this Stipulation, with the sole exception of USAA's statutory tax obligation under FUTA/FICA, and the Settling Plaintiffs will indemnify, defend, and hold USAA harmless from and against any and all costs, interest, liability or penalties relating to such taxes or penalties. Neither the Settling Plaintiffs nor NKA will be eligible for or claim entitlement to any further payment, including any payment of attorneys' fees, except as otherwise provided by this Stipulation. The Settling Plaintiffs agree to provide USAA with their last known mailing address in order to facilitate delivery of appropriate tax-related notices.

D. USAA shall make payment of the Settlement Amount, in accordance with the provisions of Section III.B of this Stipulation, by forwarding two (2) settlement checks for each Settling Plaintiff participating in the settlement and a single check representing the Settling Plaintiffs' Legal Costs and Fees to the offices of NKA within fourteen (14) business days following the Court's entry of Final Judgment of Dismissal

and written confirmation of compliance with NKA's obligations under Section V.A of this Stipulation and each Settling Plaintiff's compliance with his or her obligations to return Confidential Information, as defined in the Settlement Approval and Release Form.

## IV. WAIVER AND RELEASE OF CLAIMS AND COVENANT NOT TO SUE.

As a material inducement to USAA to enter into this Stipulation, and in consideration of USAA's promise to make the payments set forth in Section III of this Stipulation, each Settling Plaintiff has executed a Settlement Approval and Release Form that has been prepared by the parties' counsel and has expressly released all claims asserted in the Lawsuit, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown, involving, relating, or referring to alleged unpaid overtime or regular wages under federal law or claims therefor, including any and all claims, causes of action, and rights arising under the FLSA; any claims arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), relating to the non-payment of wages; as well as any and all claims, causes of action, and rights arising under, involving, relating, and/or referring to similar state laws, rules, or regulations that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorneys' fees, for failure to pay all monies due for hours worked ("the Settled Claims"). Pursuant to such Release of claims, the Settling Plaintiffs covenant and agree not to sue or bring any legal action, whether in federal

court, state court, or arbitration, now or at any future time, against USAA with respect to any Settled Claims.

## V. REPRESENTATIONS OF COUNSEL.

A. NKA represents and warrants that, within fourteen (14) days of the entry of Final Judgment of Dismissal of the Lawsuit, they will destroy all documents produced by USAA or Plaintiffs which are USAA documents ("Confidential Documents") that exist in electronic form and return all Confidential Documents in hard copy to USAA's counsel, unless such documents or data were attached to pleadings, memoranda, or other papers filed with the Court.

B. NKA represents that they will remove all reference to the Lawsuit and USAA from any location maintained by NKA on the worldwide web or accessible over the Internet, including NKA's website at www.overtimecases.com, within fourteen (14) days of the entry of Final Judgment of Dismissal.

C. NKA further agrees that they will not hold press conferences or otherwise affirmatively bring information regarding the settlement described in this Stipulation to the attention of the media.

## VI. MISCELLANEOUS PROVISIONS.

A. This Stipulation and compliance with this Stipulation shall not be construed as an admission by USAA of any liability or wrongdoing whatsoever, or as an admission by USAA of any violation of any Plaintiff's rights or the rights of any other person, or as a violation of any order, law, statute, duty or contract whatsoever as to any Plaintiff or any person. USAA specifically denies and disclaims any liability to Plaintiffs or any

9

other person for any alleged violation of Plaintiffs' rights, or the rights of any other person, or for any alleged violation of any order, law, statute, duty or contract by USAA.

**B.** The validity of this Stipulation and any of its provisions and conditions, as well as the rights and duties of the parties, shall be interpreted and construed pursuant to and in accordance with the internal laws, and not the law of conflicts, of the State of Texas, except to the extent otherwise governed by the laws of the United States.

**C.** This Stipulation, the Exhibits attached hereto, and the documents expressly referenced herein, constitute the entire agreement between the parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of the Stipulation.

Date: February 11, 2008

*[signature]*

Donald H. Nichols (MN 78918)
*Admitted pro hac vice*
Paul J. Lukas (MN 22084X)
*Admitted pro hac vice*
Matthew H. Morgan (MN 304657)
*Admitted pro hac vice*
**NICHOLS KASTER & ANDERSON, PLLP**
80 South 8th Street, Suite 4600
Minneapolis, Minnesota 55402
Telephone: 612.256.3200
Facsimile: 612.215.6870

**OUTTEN & GOLDEN LLP**
Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212.245.1000

**ATTORNEYS FOR PLAINTIFFS**

Date: February 11, 2008

*[signature]*

Andrew J. Voss (MN 241556)
*Admitted pro hac vice*
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626

**LITTLER MENDELSON, P.C.**
Lisa A. Schreter (GA 629852)
*Admitted pro hac vice*
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Telephone: 404.233.0330

LITTLER MENDELSON, P.C.
William P. McLane
One Gateway Center
Eighth Floor
Newark, New Jersey 07102-5311
Telephone: 973.848.4700

**ATTORNEYS FOR DEFENDANT
UNITED SERVICES AUTOMOBILE
ASSOCIATION**

Firmwide:83655826.1 026979.2008

SO ORDERED:

_____
U.S.D.J.

2-15-2008

**USAA Plaintiff Allocations**

| | |
|---|---|
| Total Settlement | $738,423.87 |
| NKA Fees | $246,272.93 |
| NKA Costs | $50,917.43 |
| Bonus | $25,000.00 |
| To Plfs | $416,233.51 |

| Last Name | OT Allocation | Depo Bonus | Named Plf | Tot. Allocation |
|---|---|---|---|---|
| Anderson | $29,851.11 | | | $29,851.11 |
| Araujo | $15,668.00 | $2,500.00 | | $18,168.00 |
| Arroyo | $6,745.85 | | | $6,745.85 |
| Barkowski | $2,092.22 | | | $2,092.22 |
| Burcham | $17,983.05 | $2,500.00 | | $20,483.05 |
| Burton | $7,015.63 | $2,500.00 | | $9,515.63 |
| Cliff | $9,644.75 | | | $9,644.75 |
| Davenport | $21,750.14 | | | $21,750.14 |
| DeGroot | $6,204.59 | | | $6,204.59 |
| Drozd | $8,642.98 | | | $8,642.98 |
| Gates | $32,797.73 | | | $32,797.73 |
| Johnston | $15,853.27 | | | $15,853.27 |
| King | $38,325.67 | | | $38,325.67 |
| Larson | $31,414.64 | | | $31,414.64 |
| Lynch | $48,019.15 | $2,500.00 | $5,000.00 | $55,519.15 |
| McFeeley | $25,557.42 | $2,500.00 | | $28,057.42 |
| Pangle | $3,481.08 | $2,500.00 | | $5,981.08 |
| Richardson | $25,004.84 | | | $25,004.84 |
| Shearer-McFedries | $25,153.88 | | | $25,153.88 |
| Slaughter | $3,761.68 | $2,500.00 | | $6,261.68 |
| Tucker | $2,341.52 | | | $2,341.52 |
| Ulick | $27,339.56 | $2,500.00 | | $29,839.56 |
| Willis | $11,584.74 | | | $11,584.74 |

**EXHIBIT A**